# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00458-CV

**Troy Daniel Thoele, Appellant**

**v.**

**Greg Abbott; Marjie Johnson; Ross Behrens, Individually and
in the Official Capacity; and The State of Texas Attorney
General's Office in the Official Capacity, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-17-000149, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Troy Daniel Thoele, an inmate in the Huntsville Unit of the Texas Department of Criminal Justice, appeals from the district court's order dismissing his civil suit against Appellees Greg Abbott, Marjie Johnson, Ross Behrens, and the Texas Attorney General's Office (collectively, "the State officials"). After Thoele was convicted of possession of child pornography in 2014, he brought a civil suit against the State officials alleging that they violated his constitutional rights to due process and access to courts by issuing a fraudulent subpoena to Thoele's internet service provider to obtain computer records related to his criminal suit. On motion by the State officials, the district court dismissed Thoele's suit, concluding that his suit is barred by res judicata, collateral estoppel, and limitations. Thoele challenges the dismissal in nine issues on appeal. We will affirm.

**Background**

The underlying facts and procedural posture are not disputed. In February 2011, a grand jury subpoena was signed by appellee and then-Assistant Attorney General Marjie Johnson. The subpoena directed Suddenlink Communication, Thoele's internet service provider, to submit records revealing the holder of an internet protocol address. Suddenlink's subsidiary Neustar complied with the request, and the records obtained were used to obtain a search warrant for Thoele's home. Thoele received a copy of the subpoena through his attorney in August of 2011. Ultimately, Thoele was arrested on and pleaded guilty to fifty counts of child pornography in Brazos County District Court. Thoele's appeals from that judgment were unsuccessful. *See Thoele v. State*, Nos. 10-12-00171–00175-CR, 2012 WL 5696428 (Tex. App.—Waco Nov. 15, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming conviction).

Thoele petitioned for state habeas corpus relief in 2014, complaining that the Suddenlink subpoena was illegal, but his petition was denied without written order. He also sought habeas corpus relief in federal court, alleging that he received ineffective assistance of counsel, but he was again denied relief. *Thoele v. Stephens*, No. 4:15-CV-1410, 2016 WL 1643055 (S.D. Tex. Apr. 26, 2016) (certificate of appealability denied, *Thoele v. Davis*, No. 16-20303, 2017 WL 3597059 (5th Cir. Feb. 15, 2017)).

In 2105, Thoele filed a federal civil suit against the State officials under 42 U.S.C. § 1983, alleging that the Suddenlink subpoena violated his federal constitutional rights. His case was dismissed on limitations grounds. *See Thoele v. Abbott*, No. A-15-CA-997-SS, 2015 WL 8516676

(W. D. Tex. 2015); *see also* 41 U.S.C. § 1983 (providing private cause of action for violations of federal constitutional rights).

In 2016, Thoele filed an original proceeding in Travis County District Court, alleging that the Suddenlink subpoena was issued fraudulently and requesting disclosure of various documents related to the issuance of the subpoena and associated grand jury proceedings. After a hearing on its own motion to dismiss, the district court dismissed Thoele's case in November 2016 because "no viable cause of action is set forth in [Thoele's] pleadings." *See In re Troy D Thoele*, No. D-1-GN-16-002961 (98th Dist. Ct., Travis County, Tex. 2016).

Thoele filed the underlying suit in January 2017, again alleging improprieties regarding the Suddenlink subpoena and requesting declaratory relief invalidating the Suddenlink subpoena. Specifically, Thoele argued in his petition that the State officials denied him his constitutional rights to due process and access to courts by failing to disclose information regarding the Suddenlink subpoena issued in connection with his criminal conviction. According to Thoele, the Suddenlink subpoena was fraudulently obtained, and thus invalid, because the subpoena was obtained without a grand jury convening or a grand jury investigation. The State officials moved to dismiss the suit on the grounds that Thoele's claim was barred by res judicata and collateral estoppel, the applicable statute of limitations, and the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that courts do not have jurisdiction to consider civil cases that imply invalidity of criminal conviction). After a hearing, the district court dismissed the case, finding that Thoele had known about the alleged defects of the subpoena by January 2014 and concluding that his claim was barred

3

by limitations and res judicata, and that his claim collaterally attacked his criminal conviction and thus was barred by *Heck*. This appeal followed.

**Discussion**

Thoele challenges the district court's order dismissing his case in nine issues on appeal,[1] but we need only address the limitations ground because it is dispositive of this appeal.

Claims must be brought within a certain period of time or be forever barred. *See, e.g.*, *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008). The statute of limitations for the claim Thoele asserts here is two years. *See* 18 U.S.C. § 2707(f); Tex. Civ. Prac. & Rem. Code § 16.003(a). On appeal, Thoele contends that it was error for the district court to dismiss his claims on limitations grounds because the applicable limitations period was tolled by the State officials' fraudulent

---

[1] Thoele's nine issues on appeal are as follows: (1) "[Thoele] has standing to bring a cause of action under the Stored Communications Act (SCA) . . ."; (2) the district court "incorrectly concluded that voluntary disclosure of [Thoele]'s confidential billing information by Neustar (Suddenlink) negates the issue of the subpoena's legality/illegality, absolves the [State officials] of any liability, and removes a case or controversy"; (3) the State officials "concealed facts crucial to the cause of action, denying [Thoele] his Constitutional right to Access to Courts and Due Process"; (4) Thoele's "claim for decla[ra]tory relief is not barred by the statute of limitations; fraudulent concealment estops the [State officials] from relying on the statute of limitations"; (5) Thoele's "claim for decla[ra]tory relief is not barred by the statute of limitations; equitable estoppel estops the [State officials] from relying on the statute of limitations"; (6) Thoele's "claim for declaratory relief is not barred by the statute of limitations; the Discovery Rule deferred the cause of action until November 9, 2016 and the cause of action was filed within the two year statute of limitations"; (7) Thoele's "claim is not barred by res judicata or collateral estoppel"; the issue of the illegal subpoena has never been "fully and fairly" litigated, and a prior adjudication of an issue in a criminal matter is not res judicata or estoppel by judgment to a subsequent civil action involving the same fact issue"; (8) the district court "incorrectly concluded that a waiver in a criminal proceeding automatically constitutes a waiver in a civil proceeding, despite the holdings of the United States Supreme Court and the Texas Supreme Court"; and (9) Thoele's "claim for declaratory relief does not seek to collaterally attack the conviction, and thus is not barred by *Heck v. Humphrey*."

4

concealment. *See, e.g.*, *Kerlin*, 263 S.W.3d at 925 ("A defendant's fraudulent concealment of wrongdoing may toll the running of limitations."). We disagree.

Assuming (for purposes of argument only) that the fraudulent concealment alleged by Thoele actually occurred, such fraudulent concealment would not bar limitations where, as here, the plaintiff discovers the wrong or could have discovered it through the exercise of reasonable diligence. *See id.* The record before us affirmatively demonstrates, and Thoele does not dispute, that he received a copy of the subpoena in 2011 and, according to his own testimony, that he questioned the legality of the subpoena as early as 2014. In fact, Thoele challenged the legality of the subpoena in his 2014 petition for state habeas corpus relief. In other words, and as the district court here found, Thoele was aware of a potential claim regarding the legality of the subpoena as of January 2014. Thus, the statute of limitations on Thoele's claim would have begun to run no later than January of 2014. *See id.* Thoele, however, did not file the underlying suit until January 12, 2017, well after the two-year limitations period. Accordingly, Thoele's claim is barred by limitations, and as such, the district court did not err in dismissing his case.

Having determined that Thoele's claim is barred by limitations, we need not address his remaining challenges to the district court's dismissal order.

**Conclusion**

We affirm the district court's judgment.

_____

Jeff Rose, Chief Justice

5

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 16, 2018